Per Curiam.

The first question is, whether the possession of all the effects assigned by Loud & Hunt was not joint in the respondents and Holbrook, or whether the respondents had the exclusive possession. The Court are of opinion that there is nothing in the circumstances disclosed in the answer of the trustees to distinguish the property in their hands from *106 property generally, conveyed to assignees upon trust for the payment of debts. The conveyance to them was joint, for a joint purpose, and the legal interest both in the real and personal property vested in them jointly. The general rule is, that the possession follows the property ; and the possession of one under a joint title, is the possession of all holding under the same title. The circumstance that the property was in the custody of one, does not constitute a several possession. It must generally happen, that one of several joint owners of personal property must hold the custody for himself and co-tenants, unless they happen to be partners. But if the effects had been taken by a wrongdoer from the custody of either of them, a joint action of trespass or hover would have been the proper remedy. It was conceded in the argument, that if the property and possession were joint, in the respondents and Holbrook, the principal defendant, then they could not be charged as having in their possession any goods, effects and credits of the principal, and so were entitled to their discharge.
But they are also entitled to be discharged, on another ground, namely, that at the time of the service of the writ, they had not received the proceeds of the real estate. The plaintiff contends, that where land is conveyed to a person to sell and pay over the proceeds, the trustee may, before the sale, be charged in the process of foreign attachment; and it is urged that the promise to pay over, though contingent as to time and amount, is otherwise in regard to an ultimate liability to pay something. But the law will not warrant this view of the subject; and aldiough the estate is vested in the trustee, yet he is not liable to this process. There must be a certain debt to be attached ; the contingency must affect only the time and amount. A promise to sell land and pay over the proceeds, is not a promise to pay over money, but is an executory contract; and there may be several contingencies, without the fault of the trustee, that will prevent his owing money.
He may be superseded in the trust by this Court as a court of chancery, before any sale has been made. Or, if he has authority to sell and take notes for the purchase money, be will not be liable in this process until he has collected the notes. And the power to sell and take notes does not pre *107 sent so strong a case as the one under consideration, where the respondents had actually sold and taken notes which yet remain unpaid. The whole theory of the trustee process proceeds on the principle, that the money is on hand or will certainly come to hand. Striking out the real estate, the respondents clearly are not chargeable as trustees.[1]
The plaintiff objects that the expenses incurred in defending the trust property, ought not to be charged on this fund ; and he refers to Adams v. Cordis, 8 Pick. 260. But that case has no application to the one before us. There the trustee was charged, and he asked to retain of the money in his hands belonging to the principal defendant, the costs incurred by him in that suit; which was disallowed by the Court. But here the whole fund was claimed against the three assignees, and defended for their common benefit, and Holbrook agreed that the costs should be paid out of the fund. The actual expenditure of the respondents, was a sufficient consideration for the promise of Holbrook.
It was further objected on the part of the plaintiff, that the respondents have no right to deduct their commissions until their trust shall have been determined ; but we think they have a right to compensation simultaneously with the services performed.
Trustees discharged.

 See Tucker v. Clisby, 12 Pick. 22; Hopkins v. Ray, 1 Metc. 79; Sanford v. Bliss, 12 Pick. 116; Meacham v. McCorbitt, 2 Metc. 352; Wildes v. Nahant Bank, 20 Pick. 352; Wheeler v. Bowen, 20 Pick. 563; Holbrook v. Waters, 19 Pick. 354 j Morrill v. Brown, 15 Pick. 173; Stone v. Hodges, 14 Pick. 81; Taber v. Nye, 12 Pick. 105 ; Faulkner v. Waters, post, 473.